UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DEVON HOLMES, and <br> MINA SHIR, <br> <br> Plaintiffs, <br> <br> v. <br> <br> KENKEV II, INC. d/b/a PT'S SHOWCLUB, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**
**5 M.R.S. § 4592; 42 U.S.C. § 1981**
**Jury Trial Demanded**

NOW COME Plaintiffs Devon Holmes and Mina Shir, and, by counsel, complain against Defendant KenKev II, Inc. d/b/a PT's Showclub as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Devon Holmes was at all material times herein a resident of Westbrook, Maine (Cumberland County).

2. Plaintiff Mina Shir is and was at all material times herein a resident of Westbrook, Maine (Cumberland County).

3. Defendant KenKev II, Inc. is a Maine corporation. KenKev II, Inc. does business as "PT's Showclub" in Westbrook, Maine (Cumberland County).

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

**FACTS COMMON TO ALL COUNTS**

5. Plaintiff Devon Holmes is African American and of Guyanese descent. He is a member of a protected class based on his race.

6. Plaintiff Mina Shir has dark skin and is of Afghani descent. She is a member of protected class based on her race, ancestry, and/or national origin.

7. Defendant KenKev II owns and operates "PT's Showclub", an adult entertainment club, which is a "place of public accommodation" as that term is defined under the Maine Human Rights Act, 5 M.R.S. § 4553(8) (Definitions).

8. On March 28, 2014, Plaintiffs went to PT's Showclub together.

9. Plaintiffs were engaged to be married at this time.

10. An unknown male, "Bouncer", was employed by Defendant to work security at PT's Showclub on March 28, 2014.

11. An unknown male, "Manager" was employed by Defendant as the club manager and was working on March 28, 2014.

12. While they were inside PT's Showclub, Mr. Holmes gave Ms. Shir some money to go to a fast-food restaurant that was open 24 hours a day at the time. Ms. Shir left to get food and Mr. Holmes left the club shortly after Ms. Shir left.

13. When Mr. Holmes walked out of the club, "Bouncer" approached him and accused him of conducting a hand-to-hand drug transaction with Ms. Shir.

14. Bouncer told Mr. Holmes that he did not want him back in the club and stated "all you niggers are always coming here to sell your drugs."

15. Bouncer told him to leave the club and not to come back.

16. As Mr. Holmes was getting into his car to leave, Bouncer stated "if you're not a drug dealer, how can you afford that [Infiniti]?"

17. When Ms. Shir was getting ready to leave in her vehicle, Bouncer approached her and told her that he had seen her with "the black guy" by the bar and that she should not come back to the club.

18. Plaintiffs were very upset by Bouncer's conduct. They called the club and spoke to Manager to complain about the discrimination.

19. Manager told Ms. Shir that Bouncer was right to accuse them of being drug dealers, and that it was "caught on video".

20. Plaintiffs filed a complaint with the Maine Human Rights Commission the very next day.  Investigation reports concluded there were reasonable grounds to believe Defendant discriminated against Plaintiffs.

## COUNT I
### Denial of Public Accommodations in Violation of 5 M.R.S. § 4592

21. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-20 of this Complaint.

22. Section 4592 of Title 5 of the Revised Statutes provides, in pertinent part, that it is unlawful public accommodations discrimination:

> [f]or any public accommodation or any person who is the owner, lessor, lessee, proprietor, operator, manager, superintendent, agent or employee of any place of public accommodation to directly or indirectly refuse, discriminate against or in any manner withhold from or deny the full and equal enjoyment to any person, on account of race or color… ancestry or national origin… any of the accommodations, advantages, facilities, goods, services or privileges of public accommodation, or in any manner discriminate against any person in the price, terms or conditions upon which access to accommodation, advantages, facilities, goods, services and privileges may depend…

23. Plaintiffs are both members of a protected class or classes.

24. Plaintiffs attempted to contract for services and afforded themselves of the full benefits and enjoyment of the public accommodations at PT'S Showclub, an adult entertainment club that is a "place of public accommodation" under the MHRA.

25. On or about March 28, 2014, Plaintiffs were denied the full enjoyment and benefits of the public accommodations, to wit: Defendant's employees or agents subjected Plaintiffs to unlawful discrimination by making false and baseless allegations based on racial profiling and stereotyping, uttering racial slurs and epithets, and being hostile and unreasonable in their dealings with Plaintiffs.

26. Such services and public accommodations were available to similarly situated persons outside of Plaintiffs' protected classes who received the full benefits and/or were treated with dignity and respect by Defendant.

27. As a direct and proximate result of the Defendant's unlawful discrimination, Plaintiffs suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant and for all damages to which they may be entitled, including, but not limited to:

A. Compensatory and punitive damages as determined by a jury;
B. An award of reasonable attorney's fees and all costs incurred herein; and
C. All other damages to which Plaintiffs may be entitled.

## COUNT II
### Race Discrimination in Violation of 42 U.S.C. § 1981

28. Plaintiff hereby repeats, re-alleges, and incorporates by reference to the foregoing paragraphs 1 through 27 of this Complaint.

29.     Section 1981 of Title 42 of the U.S. Code provides that all persons shall have the same rights as white citizens to "make and enforce contracts", including the right to enjoy public accommodations in a manner free from racial discrimination or harassment.

30.     Defendant intentionally, maliciously, or recklessly discriminated against Plaintiffs on the basis of their race, inter alia, in the following manner:  Defendant's employees or agents subjected Plaintiffs to unlawful discrimination by making false and baseless allegations based on racial profiling and stereotyping, uttering racial slurs and epithets, and being hostile and unreasonable in their dealings with Plaintiffs.

31.     As a result of Defendant's acts or omissions, Plaintiffs suffered emotional harm and sustained damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant, for all damages to which they may be entitled, including, but not limited to:

A.     Compensatory and punitive damages as determined by a jury;
B.     An award of reasonable attorney's fees and all costs incurred herein; and
C.     All other damages to which Plaintiffs may be entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated in Kennebunk, Maine this 8th day of March, 2016

RESPECTFULLY SUBMITTED,


*/s/ James A. Clifford*
James A. Clifford, Esq.
CLIFFORD & CLIFFORD, LLC
62 Portland Rd., Suite 37
Kennebunk, ME 04043
Tel: (207) 985-3200
james@cliffordclifford.com